# UNITED STATES
*v.*
## JUAN T. PUIG.

San Juan, Criminal, No. 3137c.

Opinion filed March 22, 1924.

*Mr. John L. Gay,* Acting United States District Attorney, for the United States.

*Mr. Leopoldo Feliu* for Juan T. Puig.

ODLIN, Judge, delivered the following opinion:

On March 21, 1924, there was filed in the office of the clerk of this court a motion by the counsel for the accused, Juan T. Puig, asking this court to transfer this case to the municipal court for the judicial district of Manati, Porto Rico, because the alleged offense is charged to have been committed within the jurisdiction of said municipal court; and also because it

338

appears from the records of the United States commissioner that all witnesses for the government reside within the limits of the jurisdiction of said Manati court; likewise the defendant himself; likewise the witnesses whom he proposes to call at the trial of the case, and by reason thereof the defendant can have a more speedy trial, due to the large number of criminal cases pending before this court, also by reason of the fact that in the said municipal court held at Manati the presiding judge thereof holds trials of criminal cases each working day.

It was the custom of this court to transfer cases of misdemeanor, involving violations of the national prohibitory law, to the proper municipal courts in the Island of Porto Rico, when such transfer was asked for by the defendant and consented to by the United States district attorney. This court is of the opinion that such transfer was not only wise but entirely legal, inasmuch as the offense being a misdemeanor and the transfer of the case being asked for by the defendant, the latter would be estopped to deny jurisdiction of the municipal court to hear the case. Recently, however, an opinion has been rendered by the department of justice at Washington to the effect that such transfer was improper, because not specifically provided for by the act of Congress. I am also advised that the Hon. Charles E. Foote, judge of the Insular district court of San Juan, § 1, has recently held that such power of transfer did not exist in a case which was sent by the judge of this court to the municipal court of San Juan and there tried, resulting in a conviction and the defendant carried the case in appeal to the said Insular district court.

In view of these facts, and in view of the fact that the United States district attorney for Porto Rico has been directed by the

attorney general of the United States no longer to give consent to such transfers, I feel obliged to deny it. Personally I would much prefer to transfer this case. I think it is not only fair to the defendant, but wise for the United States if such transfer could be made. The expenses of the trial would be much reduced. Money would be saved, not only for the defendant if he is guilty, but for the United States if he is not guilty. However, in view of the ruling by the Department of Justice at Washington, and in view of the decision by the Hon. Charles E. Foote, I feel that I ought not to grant this transfer, and for those reasons the same is denied.

To this ruling counsel for Juan T. Puig excepts.

Done and Ordered in open court this 22d day of March, 1924, at San Juan, Porto Rico.